IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA LUNDELL,<br><br>             Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>             Defendant._____ | ) Case No.: 1:09-cv-01673 JLT<br>)<br>) ORDER TO SHOW CAUSE WHY THE<br>) ACTION SHOULD NOT BE DISMISSED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

   Pamela Lundell ("Plaintiff") commenced this action against the defendant, Commissioner of Social Security, on September 21, 2009. (Doc. 1). The Court issued its Scheduling Order on September 22, 2009. (Doc. 5). By stipulation of the parties, the time for Plaintiff to serve a confidential letter brief on the defendant was extended until August 4, 2010. (Doc. 16 at 1). According to the Scheduling Order, the defendant should have served a response to this letter within 35 days of service after the letter brief, or by approximately September 8, 2010. (*See* Doc. 5 at 2). Where the parties do not agree to a remand, an opening brief must be filed with the Court within 30 days of service. *Id*. Therefore, Plaintiff's opening brief should have been filed by October 8, 2010.

   In the Scheduling Order, the parties were notified that "the Court will allow a single thirty (30) day extension of any part of [the] scheduling order by stipulation of the parties."

1  (Doc. 5 at 4).  This stipulation was used by the parties in granting Plaintiff an extention to
2  file her confidential letter.  Also, the parties were informed that, with the exception of the
3  single stipulation, any requests to modify the Scheduling Order must be made by written
4  motion and would only be granted for good cause.  *Id.*  Further, the parties were warned that
5  violations of the order may result in sanctions pursuant to Local Rule 110.  *Id.*  Notably, no
6  requests have been made to the Court to modify the Scheduling Order.

7  The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a
8  party to comply with . . . any order of the Court may be grounds for the imposition by the Court of
9  any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have
10 inherent power to control their dockets," and in exercising that power, a court may impose sanctions
11 including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831
12 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute
13 an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ferdik v.*
14 *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
15 requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.
16 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421,
17 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

18 Accordingly, Plaintiff is ORDERED to file her opening brief within 21 days of the date of
19 service of this Order or show cause why the action should not be dismissed for her failure to
20 prosecute this matter and her failure to follow the Court's Order.

21
22 IT IS SO ORDERED.
23 Dated:   **December 2, 2010**                              /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE
24
25
26
27
28

2